**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EPICUREAN DEVELOPMENTS, LLC
a Michigan Limited Liability Company and
THE CLUB AT 4200, LLC,
a Michigan Limited Liability Company,
Plaintiffs,

Case No. 2:18-cv-10685

**HONORABLE** ________________________

V

SUMMIT TOWNSHIP
A Michigan Municipal Corporation,
JAMES DUNN, MEGHAN DOBBEN,
DOUG HOYT, BOB DUBOIS,
MIKE TRUDELL, TODD EMMONS,
MIKE WAY and JOHN WORDEN

Defendants.

**JURY TRIAL REQUESTED**

Frederick Lucas (P29074)
LUCAS LAW, PC
Attorney for Plaintiffs
7577 US 12, Ste A
Onsted, MI 49265
517-467-4000

Paul E. Burns (P31595)
Bradford L. Maynes (P68319)
LAW OFFICES OF PAUL E. BURNS
Attorney for Plaintiffs
133 W. Grand River Ave
Brighton, MI 48116
810-227-5000

## COMPLAINT

Plaintiffs, Epicurean Developments, LLC ("Epicurean") and The Club at 4200, LLC ("The Club") by and through their attorneys, LUCAS LAW PC, by Frederick Lucas, and the LAW OFFICE OF PAUL E. BURNS, by Paul E. Burns and Bradford L. Maynes, and for their Verified Complaint for Damages and Demand for Jury Trial against defendants, Summit Township (the "Township"), James Dunn ("Dunn"), Meghan Dobben ("Dobben"),

Doug Hoyt (“Hoyt”), Bob Dubois (“Dubois”), Mike Trudell (“Trudell”), Todd Emmons (“Emmons”), Mike Way (“Way”) and John Worden (“Worden”) state as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs, Epicurean and The Club are Michigan limited liability companies having their principal places of business in Summit Township, Jackson County, Michigan.

1. Epicurean is the owner of real property located 4200 Spring Arbor Road (the “Subject Property”), Summit Township, Jackson County, Michigan, parcel ID no. 000-13-07-176-019-02. See Exhibit A, attached hereto.

2. Epicurean purchased a vacant commercial building, consisting of approximately 10,000 square feet, on the Subject Property on December 17, 2014, for the purpose of leasing the Subject Property to The Club for operation of a private membership adult couples social club.

3. Defendant, Township, is a Michigan municipal corporation located in Jackson County, Michigan.

4. Defendants, Dunn, Dobben, Hoyt, Dubois, Trudell, Emmons and Way were at all times relevant to the matters set forth in this complaint, the elected officials of the Township (hereafter referred to collectively as the “Elected Officials”).

5. Defendant, Dunn was Supervisor of the Township.

6. Defendant Dobben was Clerk of the Township.

7. Defendant Hoyt was Treasurer of the Township.

8. Defendants, Dubois, Trudell, Emmons and Way were Trustees of the Township.

9. Defendant, Worden at all times relevant to the matters set forth in this complaint, was the zoning official for the Township.

10. This controversy involves an intentional, overt conspiracy to prevent plaintiffs from opening a business which defendants considered to be morally repugnant, and in the process deprived plaintiffs of their federally-protected constitutional rights.

11. Plaintiff states that the amount in controversy is in excess of $75,000.00, exclusive of costs and actual attorney's fees.

**GENERAL ALLEGATIONS**

12. This suit raises claims that the defendants conspired and engaged in a course of conduct, under color of state law, intended to deprive plaintiffs of constitutional rights.

13. This plan came to fruition on March 26, 2015, when the defendants withdrew permits previously issued, and forcibly shut down plaintiffs' business before it could even open.

14. These actions were taken based solely on the defendants' moral opposition to the nature of plaintiffs' proposed business.

15. The Club entered into a lease with Epicurean to rent the above Subject Property for the sole purpose of operating a private membership club for adult couples, the term of the lease to commence immediately upon completion of renovations to the subject property.

16. On January 22, 2015, Epicurean applied to the Township for a building permit for the Club's use of the Subject Property as a private membership adult couples social club. See Exhibit B, attached hereto.

17. The Club was intended to operate as a swingers club, where members would meet and socialize on the premises, but where illegal conduct would be prohibited.

18. This use was ostensibly a permitted use under Section 150.145 of the

Summit Township Zoning Ordinance (hereafter referred to as the “STZO”). See Exhibit C, attached hereto.

19. On January 23, 2015, the Township gave Epicurean zoning approval for the proposed club. See Exhibit D, attached hereto.

20. On February 19, 2015, the Township issued a building permit to Epicurean approving construction of the club as laid out in the sealed architectural drawings. See Exhibit E, attached hereto.

21. Immediately upon receiving its building permit, Epicurean commenced construction on the Subject Property, performing approximately $140,000.00 of work, including, but not limited to, the work set forth on Exhibit F, attached hereto.

22. Sometime after all permits were issued and work begun on the remodeling of the building and before March 26, 2015, it became known to members of the community and Township officials that plaintiffs intended to operate a swingers club at the subject property.

23. It was during this time that the defendants conspired to concoct a plan to shut plaintiffs down and prevent them from ever opening.

24. The existence of this conspiracy can be seen from the statement of John Worden, Township Zoning Administrator, who let slip the Township’s intent to destroy the project in a conversation with James W. Spink, Supervisor of Liberty Township, and David D. Teriaco, Deputy Supervisor of Liberty Township.

25. Worden, the Township’s zoning official, in his conversations with James Spink and David Teriaco let it be known that the Township intended to do everything in its power to make plaintiffs’ “go away.” Affidavits of James W. Spink and David D. Teriaco,

attached hereto as Exhibit G.

26. On March 23, 2015, an electronic mail was circulated by Stephen Artz, a member of the Knights of Columbus and a Summit Township Planning Commissioner, providing, in relevant part, as follows:

> I talked to Mike Trudell a Summit Township Trustee, a member of St. Mary's parish and a Knight. He asked that we get everyone we can to come to the Summit TWP planning meeting this Tuesday at 6.30PM to voice their concerns and ask questions. He said there is a lot of talk going on about this and SOME want to get it done FAST AND quietly. Everyone needs to fill out a slip at the door and be in their seat at 6.30PM or you can be denied the right for public comment.
>
> The bottom line is that no one know for sure what is really going on and the people that do are no longer talking. We are 99% sure that it's going to be theclub4200.com, a swinger club. (Look it up) The only way anyone will be able to voice anything is Tuesday. If you think that you will hold off and see what happens you will be too late.

A copy of this electronic mail is attached hereto as Exhibit H.

27. On March 26, 2015, the defendants implemented their plan to deprive plaintiffs' of their constitutional rights by issuing a stop work order. Attached as Exhibit I.

28. The Township Supervisor, Jim Dunn, personally served the stop work order at plaintiffs' building, accompanied by Jackson County Sheriff Deputies.

29. Upon service of the stop work order, the plaintiffs ceased work on the Subject Property, despite having obtained an underground plumbing inspection, and despite being prepared for an initial building inspection.

30. Plaintiffs thereafter filed suit in the Jackson County Circuit Court seeking injunctive relief and damages but the Court dismissed the matter without prejudice and without costs or attorney fees to allow plaintiffs to return to the Summit Township Zoning Board of Appeals for an exhaustion of administrative remedies.

31. In October of 2015, Plaintiffs then filed several applications with Township

for other uses then permitted under the C-2 zoning, including an adult physical culture establishments, fraternal club, cabaret and bathing establishment.

32. Not only did the Township reject the applications submitted by plaintiffs for each of these permitted uses, it took the unusual step of adopting a moratorium on several of the uses for which plaintiffs applied, in order to prevent plaintiffs from obtaining permits until such time as the Township zoning ordinance could be amended to ensure that plaintiffs property would not qualify for such uses. Copies of the moratoria are attached hereto as Exhibit J.

33. Upon information and belief, the applications of plaintiffs for the other formerly permitted uses, were the only pending applications for these uses at the time the moratorium was adopted and it is believed that, in fact, plaintiffs' applications for these uses were the only ones ever submitted.

34. On November 30, 2015, the plaintiffs received a letter from Worden, a copy of which is attached hereto as Exhibit K, which informed plaintiffs that their applications for uses were rejected, even though the applications filed by plaintiffs contained the same documentation which plaintiffs with their original application for a club which was accepted without reservation.

a. The site plans submitted for a "cabaret" use by Plaintiffs and the site plan submitted for a fraternal lodge use by Plaintiffs were "incomplete and contain conflicting information";

b. The site plan for cabaret did not "include a detailed description of the specific land use(s) proposed";

c. The site plan must demonstrate "how the building as laid out and

designed could possibly function as a 'Cabaret'"; and

d. The application for a fraternal lodge must demonstrate "how this would constitute a 'Club or Lodge' as the ZBA has interpreted";

35. The above letter was followed up by a December 18, 2015 letter of William Fahey, explaining that the site plans were removed from the December 15, 2015 Planning Commission agenda by the Planning Commission because of the above letter. A copy of that letter is attached hereto as Exhibit L.

36. On November 12, 2015, Plaintiffs appeared for the Summit Township Zoning Board of Appeals (STZBA) for a hearing on an interpretation of term club as used in the ordinance.

37. Defendants again focused on the fact that Plaintiffs intended use would be as a "Swinger's Club" as a basis for determining that Plaintiff's proposed use did not fit the definition of club.

38. By their inactions and actions Defendants have violated its civil rights and destroyed Plaintiffs' business and real estate.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 1983**

39. Plaintiffs re-allege and re-incorporate paragraphs 1 through 33 above as though fully stated herein.

40. The policies and actions of defendants were based on considerations other than those proper to the good-faith administration of justice and lay far outside the scope of legitimate law enforcement or prosecutorial discretion.

41. Defendants' conduct, while acting under color of state law, constitute a deliberate denial, under color of law, of plaintiffs' federal rights guaranteed under the

Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, made actionable under 42 USC § 1983.

42. Defendants' conduct, while acting under color of state law, constitute an unreasonable and unconstitutional interference with and infringement on plaintiffs' exercise of their right to free speech guaranteed by the First and Fourteenth Amendments to the Unites States Constitution and made actionable by 42 USC §1983.

43. Defendants' conduct, while acting under color of state law, constitute an unlawful prior restraint on freedom of expression, in violation plaintiffs' right to free speech guaranteed by the First and Fourteenth Amendments to the Unites States Constitution and made actionable by 42 USC §1983.

44. Defendants' conduct, while acting under color of state law, constitute a violation of plaintiffs; first amendment rights to freedom of association guaranteed under the Fourteenth Amendment to the United States Constitution, made actionably under 42 USC § 1983.

45. Defendants are liable in their official and individual capacities because they acted in violation of plaintiffs' constitutional rights, took no action to remedy the violation of plaintiffs' constitutional rights, and instead engaged in further constitutionally violative acts after they should have become aware of the unconstitutionality and illegality of their actions.

46. As a direct and proximate result of defendants' actions, plaintiffs have suffered and will continue to suffer injury.

47. Because defendants acted with improper motive and intent, in an arbitrary and discriminatory manner, and their actions show reckless disregard and callous

indifference for plaintiffs' federally protected rights, plaintiffs are entitled to exemplary damages as well as all other damages incurred, including costs and attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiffs respectfully request that this Honorable Court enter an order granting the relief requested in the Request for Relief below and enter a judgment in an amount to be determined by this Honorable Court and a jury, plus costs, interest and attorneys' fees.

## COUNT II
## VIOLATION OF 42 USC §1985
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

48. Once Defendants learned that Plaintiffs intended to open a “Swinger’s Club” at the subject property, the Elected Officials and Worden, engaged in conspiracy intended to prevent plaintiffs from ever opening their club in the Township.

49. Their actions were designed and aimed at preventing activities which they deemed morally unacceptable to the community.

50. Their actions were a form of prior restraint intended to prevent forms of expression which they did not approve.

WHEREFORE, plaintiffs respectfully request that this Honorable Court enter an order granting the relief requested in the Request for Relief below and enter a judgment in an amount to be determined by this Honorable Court and a jury, plus costs, interest and attorneys' fees.

## REQUEST FOR RELIEF

Plaintiffs respectfully request that this Honorable Court enter a judgment against defendant in an amount to be determined by this Honorable Court and a jury, plus costs, interest, exemplary damages, and attorneys' fees, and that this Honorable Court enter an

order that:

A. Awards plaintiffs, pursuant to 42 U.S.C. § 1988, their costs, attorney fees, interest, lost profits, and all other actual, compensatory, incidental, consequential, emotional and exemplary damages against defendant.

B Awards plaintiffs their costs, attorney fees, interest, lost profits, and all other actual, compensatory, incidental, consequential, emotional, exemplary and special damages against defendants for their slander and libel of plaintiffs.

C. Awards plaintiffs their costs, attorney fees, interest, lost profits, and all other actual, compensatory, incidental and consequential damages against defendants for their breach of contract or implied breach of contract.

D. Awards any other and further relief to plaintiffs as this Court deems just and proper.

s/ Frederick Lucas
FREDERICK LUCAS (P29074)
Lucas Law PC
Co-Counsel for Plaintiffs
7577 US 12, Ste A
Onsted, Michigan 49265
(517) 467-4000
Dated: February 18, 2016
lucas@lucaslawpc.com

s/ with permission Paul E. Burns
PAUL E. BURNS (P31596) Law Office of Paul E. Burns Co-Counsel for Plaintiffs 133 West Grand River Brighton, Michigan 48116 (810) 227-5000
Dated: February 18, 2016
burns@peblaw.net

s/ with permission Bradford L. Maynes
BRADFORD L. MAYNES (P68319)
Law Office of Paul E. Burns
Co-Counsel for Plaintiffs
133 West Grand River
Brighton, Michigan 48116
(810) 227-5000
Dated: February 18, 2016
maynes@peblaw.net

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, Epicurean Developments, LLC ("Epicurean") and The Club at 4200, LLC ("The Club") by and through their attorneys, LAW OFFICE OF PAUL E. BURNS, by Paul E. Burns and Bradford L. Maynes, LUCAS LAW PC, by Frederick Lucas, and hereby make a demand for a trial by jury in the above-entitled case.

s/ Frederick Lucas
FREDERICK LUCAS (P29074)
Lucas Law PC
Co-Counsel for Plaintiffs
7577 US 12, Ste A
Onsted, Michigan 49265
(517) 467-4000
Dated: February 18, 2016
lucas@lucaslawpc.com

s/ with permission Paul E. Burns
PAUL E. BURNS (P31596) Law Office of Paul E. Burns Co-Counsel for Plaintiffs 133 West Grand River Brighton, Michigan 48116 (810) 227-5000
Dated: February 18, 2016
burns@peblaw.net

s/ with permission Bradford L. Maynes
BRADFORD L. MAYNES (P68319)
Law Office of Paul E. Burns
Co-Counsel for Plaintiffs
133 West Grand River
Brighton, Michigan 48116
(810) 227-5000
Dated: February 18, 2016
maynes@peblaw.net